Nettie Mae WALSH, Guardian of the Person and Estate of William R. Walsh, NCM, Appellant,

v.

Glenda Faye WALSH, Appellee.

No. 5777.

Court of Civil Appeals of Texas, Waco.

Nov. 3, 1977.

Rehearing Denied Nov. 30, 1977.

W. V. Dunnam, Jr., Dunnam, Dunnam & Dunnam, Waco, for appellant.

Charles M. McDonald, W. Boyd Mangrum and George Clark; Clark, Fisher, Gorin, McDonald & Ragland, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Nettie Mae Walsh Guardian of William Walsh NCM from judgment awarding a lump sum payment for future child support against her as Guardian of Walsh's person and estate, attorney's fees, and further providing it be binding on the Guardian and upon Walsh's estate after his death.

Appellee Glenda Faye Walsh, divorced former wife of Walsh, on behalf of her and his two minor children brought this action against Nettie Mae Walsh Guardian of the person and estate of Walsh to change and modify the prior support order of August 17, 1972 because of changed circumstances of all the parties. On May 6, 1976 the trial court rendered judgment finding material and substantial change in the circumstances of all the parties and that the best interest and welfare of nine year old Julia Ann Walsh and thirteen year old Robyn Dennice Walsh would be served by the payment of the lump sums of $20,000. and $10,000. for their support until they became 18 years old, and so decreed. The judgment further awarded appellee $3,500. attorney's fees (plus $1,500. if the case be appealed to the Court of Civil Appeals; plus $1,000. if the case be appealed to the Supreme Court); decreed that it be binding on the Guardian and Walsh's estate; and that it be certified to the Probate Court for payment into the registry of the District Court subject to further orders of such Court.

Appellant Guardian of Walsh's person and estate appeals on nine points contending:

1) The trial court erred (and abused his discretion) in rendering judgment for a lump sum payment of child support for the support of the minor children Julia Ann and Robyn Dennice Walsh until they reach 18 years of age.

2) The judgment for lump sum payment of $20,000. for the support of Julia Ann, and of $10,000. for the support of Robyn Dennice, until they are 18 years of age, is excessive.

3) The trial court erred "in adjudging William Walsh's obligation to support said minor children shall not terminate upon his death, but shall continue to be a binding obligation upon his estate".

4) The trial court erred in rendering judgment for appellee for attorney's fees; and the judgment for $3,500. attorney's fees is excessive.

Appellee Glenda Faye Walsh and William Walsh were divorced in February 1971. On August 7, 1972 the trial court set child support William Walsh be required to pay for the two minor children at $125. per month (plus the carrying of hospitalization insurance on them). On March 7, 1975 Walsh was involved in an automobile accident which critically injured him and from which injuries he has been rendered of unsound mind and he is expected to be bedridden until his death. Suits filed on behalf of Walsh on account of his injuries were settled for $352,000. of which amount a net recovery of $200,000. was made by appellant and of which some $135,000. is presently in Walsh's guardianship. The $125. per month was paid up to the time of the accident on March 7, 1975. Commencing on October 1975 Social Security payments of $252. per month were made for benefit of the children until December 1976 when such payments were reduced to $156. per month. Appellee earns $577. net. She has no savings; does not own a home, the children attend elementary and high school; and all living expenses have increased since the August 7, 1972 child support order.

Appellant Individually as Guardian of William Walsh receives $363. per month social security; lives in a $18,000. home owned by Walsh which is paid for; has no minor children; received $66,666. individually out of the $200,000. settlement and as noted the Guardianship has a $135,000. balance; and all $200,000. of which is drawing interest. William Walsh has executed a will leaving everything to appellant, his present wife, and as he is non compos mentis he cannot alter such will. Mr. Walsh remains in critical condition is, not expected to get any better, and his death might occur at any time.

The Texas Family Code Sec. 14.05(a) Support of Child provides:

"The court may order either or both parents to make periodic payments *or a lump sum payment*, or both, for the support of the child until he is 18 years of age * * ".

Prior to the Family Code Article 4639a (repealed effective January 1, 1974) provided:

"Said court may by judgment, order either parent to make periodical payments for the benefit of such child or children until same have reached the age of 18 years, *or said court may enter a judgment in a fixed amount* for the support of such child or children * * * ".

Thus the trial court had express authority to fix amounts of periodic child support payments or lump sum payments for the support of minor children until they are 18 years old. And here the trial court expressly found, based on what we deem ample evidence, that the circumstances of the children, and their father and mother had materially and substantially changed since the child support order of August 7, 1972, and that modification of such order was in the best interest and welfare of the children. And such findings have not been attacked by appellant.

■ And we think the trial court did not abuse its discretion in fixing a lump sum for child support of the two minors under the evidence. *Page v. Sherill*, Tex., 415 S.W.2d 642; *Southwestern Bell Telephone*

*Co. v. Johnson*, Tex., 389 S.W.2d 645; *Landry v. Travelers Ins. Co.*, Tex., 458 S.W.2d 649.

■ Moreover, under the record we cannot say that the $20,000. lump sum amount fixed for Julia Ann and the $10,000. lump sum amount fixed for Robyn Dennice are excessive. *Ramey v. Ramey*, Tex.Civ.App. (Eastland) 425 S.W.2d 900.

■ The trial court decreed that the specific provisions for child support ordered should not terminate by the death of William Walsh and should be enforceable against appellant as guardian of the person and estate of Walsh.

Prior to the Family Code, the obligation of the father to pay child support terminated at his death; unless same was provided for by contract. *Hutchings v. Bates*, Tex., 406 S.W.2d 419.

· But Section 14.05(d) of the Family Code expressly provides "Unless otherwise agreed to in writing, *or expressly provided in the decree*, provisions for the support of a child are terminated by marriage of the child, removal of the child's disabilities for general purposes, *or the death of the parent obligated to support the child.*" *Eggemeyer v. Eggemeyer*, Tex.Civ.App. (Austin) 535 S.W.2d 425, affirmed Tex., 554 S.W.2d 137.

■ Finally we hold the trial court did not err in awarding attorney's fees and that the award of $3,500. is not excessive. Section 11.18(a) Texas Family Code, *In the Interest of R.V.M.*, Tex.Civ.App. (Waco) 530 S.W.2d 921.

All appellant's points and contentions are overruled.

AFFIRMED.