**Patricia K. MUSICK, Appellant,**

v.

**Horace G. MUSICK, Appellee.**

**No. 1275.**

Court of Civil Appeals of Texas, Tyler.

Oct. 18, 1979.

Alfred H. Summers, Summers, Summers & House, Palestine, for appellant.

Horace Musick, pro se.

McKAY, Justice.

This is a divorce case. The wife, as appellant, complains that the trial court erred in dividing the property, in failing to provide for the support of the three minor children, in refusing to re-open the case for additional evidence, and in refusing to allow appellant to take a non-suit.

Appellant sued for a divorce, a division of community property, and specifically requested the court to award her the home situated at Route # 1, Grapeland, Texas. The trial court granted the divorce, divided the property, named appellant the managing conservator and appellee possessory conservator of the three minor children, and made no provision for support of the minors by appellee. The trial court found that appellee was totally disabled, and therefore was not required to pay child support, and that appellant received Social Security payments on behalf of the children for child support. At the time of trial all three minors were under ten years of age.

Appellant complains of the refusal of the trial court to permit her to re-open the trial for further evidence. On May 29, 1978, the trial court advised counsel by letter what his judgment would be and requested a formal decree be prepared. On August 10, 1978 appellant's counsel filed a motion styled "Motion to Disregard And/Or Amend the Court's Memorandum of May 29, 1978." Such motion was sworn to by appellant's counsel, and it stated that (1) after the trial court heard the case on the merits, and prior to the court's memorandum of May 29, 1978, appellee, without authority of petitioner, took the 1952 Chevrolet automobile and caused or allowed it to be damaged in such condition that it would not run; (2) the mobile home was taken into custody by the First State Bank of Grapeland prior to May 29, 1978, because appellee had failed to make the monthly payments as previously ordered by the court; and (3) since the trial the Veteran's Administration had re-evaluated appellee's disability and reduced his disability rating from appellee's testimony at the trial. Such motion prayed for judgment, and alternatively prayed that the cause be re-opened, or upon the failure of the court to do either, that appellant be granted a non-suit.

Rule 270, T.R.C.P., provides in part: "[a]t any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice." The standard of review under Rule 270 is that the question of re-opening a case for the purpose of admitting additional testimony is clearly within the sound discretion of the trial court, and its action refusing to permit a party to re-open for such purpose should not be disturbed on appeal unless it clearly appears that such discretion has been abused. In the *Matter of the Marriage of Murphy,* 561 S.W.2d 592, 593 (Tex.Civ.App. —Amarillo 1978, no writ); *Kroger v. Cellan,* 560 S.W.2d 505, 509 (Tex.Civ.App.— Tyler 1977, writ ref'd); 3 McDonald Texas Civil Practice, Sec. 11.24. The discretion of the trial court should be liberally exercised in the interest of justice, and an improper exercise of discretion is prejudicial error. In the *Marriage of Murphy,* supra; *McRoy v. Riverlake Country Club, Inc.,* 426 S.W.2d 299, 305 (Tex.Civ.App.—Dallas 1968, writ ref'd, n. r. e.); *Canyon Credit Union v. Coleman,* 450 S.W.2d 368, 369 (Tex.Civ.App. —Amarillo 1970, no writ).

It is our view that the trial court abused its discretion in refusing to permit

the re-opening of the case to allow appellant to present evidence, if she could, that the mobile home had been repossessed by the bank, and the Chevrolet automobile would not run. In addition, the sworn motion to re-open stated that appellee's physical disability had been re-evaluated and his disability reduced. These facts had developed after the trial but before judgment, and would directly affect the proper and fair division of the property between the parties. We sustain this point.

Appellant also complains that the trial court refused to permit her to take a non-suit. Prior to January 1, 1976, a plaintiff could take a non-suit "[a]t any time before the jury has retired," or in a non-jury case "at any time before the decision is announced," Rule 164, T.R.C.P. However, since the effective date of the amendment to Rule 164, January 1, 1976, a plaintiff may take a non-suit at any time before he has rested in his case-in-chief and not afterward. *Coker v. Mitchell*, 535 S.W.2d 175, 176 (Tex.1976). This point is overruled.

The next complaint appellant makes is that the division of the community property by the trial court was so disproportionate as to be manifestly unjust as to amount to an abuse of discretion. We sustain this point.

The trial court found the following to be all of the community property, and divided it with values stated as follows:

### Appellant

**Assets**

| | |
|---|---|
| Mobile home | $ 3,000 |
| Horse and trailer | 250 |
| Household furniture | 1,000 |
| Automobile | 700 |
| Judgment against Appellee with interest at 8% payable on or before 5 years from date of judgment | 13,000 |
| Total Assets to Wife | $17,950 |

**Liabilities**

| | |
|---|---|
| Note on mobile home | $ 880 |
| Total Liabilities to Wife | $ 880 |
| Net to Wife | $17,070 |

### Appellee

**Assets**

| | |
|---|---|
| 84–acre tract of land | $ 42,000 |
| White Spot Bldg. | 2,000 |
| Owen real estate note | 27,400 |
| Truck, tractor and trailers | 1,230 |
| Horses and cattle | 6,925 |
| Interest in Woodville Truck Stop | 250[1] |
| Total Assets to Husband | $ 79,805 |

**Liabilities**

| | |
|---|---|
| Note on 84-acres | $ 17,000 |
| Note on truck | 4,700 |
| Cattle notes | 17,755 |
| Co-op notes | 2,861 |
| | 4,910 |
| Medical debts | 2,344 |
| State Comptroller Lien | 136 |
| Judgment to Wife | 13,000 |
| Total Liabilities to Husband | $ 62,706 |
| Net to Husband | $ 17,099 |

Sec. 3.63 of the Family Code provides that in a divorce judgment the trial court shall divide "the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." It has long been the rule in Texas that trial courts have broad discretion in dividing the estate of the parties in a divorce action and a case will not be reversed on appeal unless there is a clear abuse of discretion. *McKnight v. McKnight*, 543

1. The trial court later found that Appellee had no interest in the Woodville Truck Stop.

S.W.2d 863, 866 (Tex.1976); *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975); *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974); *Merrell v. Merrell,* 527 S.W.2d 250, 255 (Tex.Civ. App.—Tyler, 1975, writ ref'd n. r. e.). Such division does not have to be made equally, but such discretion is not unlimited and cannot be used inequitably. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (Tex. 1923); *Bell v. Bell,* supra; *Bokhoven v. Bokhoven,* 559 S.W.2d 142 (Tex.Civ.App.— Tyler 1977, no writ); *Hooper v. Hooper,* 403 S.W.2d 215 (Tex.Civ.App.—Amarillo 1966, writ dism'd).

We are of the opinion that the property division made by the trial court is inequitable and manifestly unjust and unfair, and that the trial court abused its discretion in such division. The trial court awarded all the real estate, the real estate note, all the cattle, all horses except one, a truck, tractor and trailers, and a building to appellee husband. Appellant wife received a mobile home (which apparently was repossessed), household furniture, an automobile (apparently not usable), and a judgment payable in 5 years against appellee husband for $13,000. While the court found the appellee to be totally disabled there is no finding that such disability is permanent. The record shows appellee has worked some since his injury. The 84 acre farm which was the homestead was being used for pasture for cattle and horses, and had a potential for future income. The record indicates the number of cattle had increased and were sold each year, and that the payments to appellee monthly on the Owen note were almost as much as the payments required by the note on the 84 acre tract. While appellee has numerous debts he also has received all the productive assets, and appellant's principal asset is a $13,000 judgment against appellee. From the record it appears doubtful that appellant would ever realize any money from the items awarded to her inasmuch as the record reflects that appellee has not been a good manager, and the principal assets all have prior liens. We recognize that the trial court has wide discretion in dividing property between spouses, but we conclude that the court's action

here resulted in an unfair and unjust disposition, without due regard for the rights of each party and the children, and we sustain this point.

Closely related to the question of the division of the property is appellant's final point wherein she complains that the trial court erred in failing to require appellee to provide for the support of the minor children. The trial court judgment provided that "Petitioner (appellant) is to receive payments made by the Social Security Administration on behalf of the children as child support. It is further ordered that no additional child support payments shall be made, subject to the further orders of this court." According to the record appellee was receiving approximately $600 per month from combined payments from the Veteran's Administration and Social Security, from which appellant was to receive $198 per month from Social Security for the children. Appellee testified that his payments would be reduced some when the divorce became final. Appellant testified she had been working at the newspaper office in Palestine making $102 per week.

The best interest of the child should be the primary consideration in determining questions of conservatorship and support, as well as division of the property. Family Code, Sec. 14.07. Each parent has an obligation to support the children of a marriage commensurate with his or her circumstances. While appellee may be limited in the amount he could or should contribute to the support of the children at this time, the total burden of support should not be upon appellant, nor should Social Security benefits be used as a substitute. The duty of a parent to support a child is not limited to current earnings but extends to his financial ability to pay from any and all sources that might be available. *Ondrusek v. Ondrusek,* 561 S.W.2d 236, 238 (Tex.Civ.App.— Tyler 1978, no writ). We sustain this point.

That portion of the judgment granting the divorce and awarding custody of the children is affirmed; the remainder of the judgment is reversed and the cause is remanded.