Mary Louise McLENDON, Appellant,

v.

James Wayne ALLEN, Appellee.

No. 13–87–387–CV.

Court of Appeals of Texas,
Corpus Christi.

June 16, 1988.

Frank L. Supercinski, Longview, for appellant.

Sam R. Fugate, Kingsville, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a dismissal of a case to modify child support based upon a plea to the jurisdiction granted in favor of appellee, James Allen. The case was *filed in the court of original jurisdiction prior to the child's eighteenth birthday.* We hold that under these facts that court had jurisdiction to hear the merits of the case after the child's eighteenth birthday. We reverse and remand in accordance with this opinion.

Mary and James Allen were divorced on July 24, 1984. They had two children from their marriage, Charla Beth and Leslie Dee. The decree of divorce appointed James Allen as managing conservator of the children. Mary Allen was appointed possessory conservator. The appellant moved to Gregg County and Leslie Dee

Allen, one of the two children, began to live with her. The father has not been supporting this child. The appellant seeks to have herself appointed managing conservator, transfer the case to Gregg County, and require appellee to pay support until Leslie Dee Allen graduates from high school.

On June 29, 1987, Mary Louise McLendon (formerly Mary Allen), appellant, filed two motions in the court of original jurisdiction: one for modification of order in the suit affecting parent/child relationship and a second motion to transfer the suit affecting parent/child relationship. These motions were filed prior to Leslie Dee Allen's eighteenth birthday.

The motion for modification requested that appellant be appointed managing conservator of Leslie Dee Allen and that James Allen pay appellant child support after Leslie Dee Allen's eighteenth birthday and until she graduates from high school. On August 4, 1987, appellee filed a plea to the jurisdiction which stated that since Leslie Dee Allen is now eighteen years of age and emancipated, the court is without jurisdiction to rule on matters dealing with child support or custody.

A hearing was held on August 28, 1987. Leslie Dee Allen testified that she was presently enrolled in Pine Tree High School in Longview, Texas, and will finish high school in May of 1988. She stated that she turned eighteen years of age on August 2, 1987. The court found that it was without jurisdiction to hear the case and sustained appellee's plea to the jurisdiction.

The sole issue on appeal is whether the filing of the motions before Leslie Dee Allen's eighteenth birthday invoked the jurisdiction of the court under Tex.Fam.Code Ann. § 14.08(a) (Vernon 1986).

Appellant argues in her brief that an appeal is disposed of in accordance with the law in force at the time of an appellate court's decision. She urges that Tex.Fam. Code Ann. § 14.05(a) (Vernon Supp.1988) should apply to the August 28, 1987, hearing. Tex.Fam.Code Ann. § 14.05(a) (Vernon Supp.1988) as amended provides in pertinent part:

The court may order either or both parents to make periodic payments or a lump sum payment, or both, for the support of the child until he or she is 18 years of age in the manner and to the persons specified by the court in the decree. The court of continuing exclusive jurisdiction may modify an existing order or enter a new order extending child support past the 18th birthday of the child, *whether the request for such an order is filed before or after the child's 18th birthday*, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma (emphasis supplied).

The Act of May 24, 1985, ch. 183, § 2(a), 1985 Tex.Gen. & Spec.Laws 750, *amended by* Act of Aug. 4, 1987, ch. 73, § 4(a), 1987 Tex.Sess.Law Serv. 461, 462 (Vernon) did not provide for the filing of the request after the child's eighteenth birthday.

The rule of statutory construction is that the original provisions appearing in the amended act are regarded as having been the law since they were first enacted and still speak from that time, while the new provisions are to be construed as enacted at the time the amendment took effect. *City of Corpus Christi v. Herschbach*, 536 S.W.2d 653, 656 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). An amendment to a statute is presumed to operate prospectively, not retroactively, unless terms of the statute show a contrary intention. *City of Corpus Christi*, 536 S.W.2d at 656.

Upon examining the terms of Tex. Fam.Code Ann. § 14.05(a) (Vernon Supp. 1988), there appears to be no intention by the legislature to apply the amendment retroactively. Therefore, Tex.Fam.Code Ann. § 14.05(a) (Vernon Supp.1988) was not the applicable law during the hearing of August 28, 1987.

Appellee argues that the trial court lacked jurisdiction because the court failed to act on appellant's request until after the child's eighteenth birthday citing our case of *Attaway v. Attaway*, 704 S.W.2d 492, 493 (Tex.App.—Corpus Christi 1986, no writ). There the appellee on June 14, 1984,

filed a motion to modify a prior divorce decree which requested that child support for Michael Attaway extend beyond his eighteenth birthday. On July 24, 1984, under the provisions of Tex.Fam.Code 14.-05(b) that allows support payments beyond the age of eighteen to physically or mentally disabled children who cannot support themselves, a hearing was held whereby the court ordered child support to be continued for one year beyond Michael Attaway's eighteenth birthday. Michael Attaway turned eighteen on September 17, 1984, but the court did not sign the order extending support until December 13, 1984. At a hearing in March 1985, the court found appellant in contempt of court.

In *Attaway*, we held the order extending support invalid because of legally insufficient evidence and held that it would not support the contempt action. However, we also held that since the order was not entered prior to Michael Attaway's eighteenth birthday, the order could not be enforced by contempt proceedings, and the trial court, therefore, lacked jurisdiction to hear the motion. It is the latter holding that James Allen argued denied the trial court jurisdiction.

The enforceability by contempt of an existing order extending support beyond a child's eighteenth birthday is not at issue in the case before us. Tex.Fam.Code Ann. § 14.05(a) (Vernon Supp.1988) has now been amended to allow the court of original jurisdiction to modify an existing order or enter a new order extending support past the child's eighteenth birthday, whether the request for such an order is filed before or after the child's eighteenth birthday. A review of Attaway in light of the applicable, original and amended statute make us now feel that we may have been in error in some of the language used in Attaway.

Appellee also refers us to *Red v. Red*, 552 S.W.2d 90, 91 (Tex.1977), where the petitioner was granted a divorce from respondent and awarded custody of the child along with support until the child reached eighteen years of age. The child turned eighteen in 1966 and petitioner did not file a modification of the judgment until 1975. *Red*, 552 S.W.2d at 91. Defendant filed a plea to the jurisdiction asserting that the child support order had been fully performed when the child reached age eighteen. The trial court dismissed the motion for want of jurisdiction. The Supreme Court of Texas affirmed the lower court's ruling and stated that the child support obligation was discharged when the child reached age eighteen, and thereafter, there was no pending order subject to modification under Section 14.05 and 14.08 of the Texas Family Code.

■ However, the import of Tex.Fam. Code Ann. §§ 14.05(a) and 14.05(b), when read in context with other provisions of Title II of the Family Code, is that a court may order support of a child past age eighteen if the grounds therefore exist and are invoked before the child reaches age eighteen. *See Red*, 552 S.W.2d at 92. *See also Couser v. Stanton*, 722 S.W.2d 250, 251 (Tex.App.—San Antonio 1986, no writ).

The Court in *Red* did not specifically state that an order of support must be entered prior to the child's eighteenth birthday to be enforceable beyond that date. The only requirements that the Supreme Court set out were that the "grounds" exist for granting the relief requested and are invoked in the court of original jurisdiction before the child's eighteenth birthday.

■ In the case before us, the appellant filed the motions setting out grounds for relief prior to the child's eighteenth birthday in the court of original jurisdiction. This was sufficient to invoke the trial court's jurisdiction to hear the motions even though the hearing would have occurred subsequent to the child's eighteenth birthday. It would not be just or equitable to deny such relief just because the trial court could not or did not conduct the hearing until after the child's eighteenth birthday even though grounds for the relief existed prior to the child's eighteenth birthday. This, we believe, is in keeping with the legislative intent and the holding by the Suprme Court in *Red v. Red, supra.*

The judgment of the trial court is RE-VERSED and the cause is REMANDED in accordance with this opinion.