**Joseph P. SHELDON, Appellant,**

v.

**Mary Ann MARSHALL, Appellee.**

**No. 05–87–01395–CV.**

Court of Appeals of Texas,
Dallas.

March 23, 1989.

Rehearing Denied April 28, 1989.

G. David Westfall, Dallas, Eugene L. Smith, Houston, for appellant.

Leota H. Alexander, Dallas, for appellee.

Before WHITHAM, LAGARDE and THOMAS, JJ.

LAGARDE, Justice.

Joseph P. Sheldon (Father) appeals from the trial court's order in favor of Mary Ann Marshall (Mother) granting a modification of child support and providing for a lump sum payment of one-half of the medical expenses incurred by N___ S___ (Daughter).[1] In three points of error, Father asserts that: (1) the trial court did not have jurisdiction to order child support after the date of Daughter's eighteenth birthday; (2) the trial court did not have jurisdiction to order a lump sum child support payment for medical expenses after the date of Daughter's eighteenth birthday; and (3) the trial court abused its discretion in ordering a lump sum child support payment for Daughter's medical expenses without Father's agreement and exceeding his obligation under the pre-existing child support order. We disagree with all three points of error; consequently, we affirm the trial court's judgment.

The facts in this case show that Daughter required substantial treatment for psychiatric problems. Both Father and Mother admitted Daughter into a psychiatric treatment facility. However, when insurance benefits ran out, Father refused to pay for any amount of the medical treatments. He contended that Daughter could receive less expensive therapy.

As a result of Father's refusal to pay, Mother filed a motion to modify the trial court's original child support order. The motion to modify requested that the trial court order Father to pay one-half of the child's medical expenses not covered by insurance. Mother then amended the motion to request that Father pay one-half of the uninsured medical expenses from the date of the filing of the original motion, including medical expenses incurred after Daughter's eighteenth birthday. It must be noted that Mother filed both the original

and amended motions prior to Daughter's eighteenth birthday.

A family court master heard the motion to modify and made a written recommendation to the trial court on June 18, 1987, as to disposition of the motion. Father appealed the master's recommendation, and the case proceeded to trial on July 23, 1987—twenty-one days after Daughter's eighteenth birthday. Following the trial, the court ordered Father to pay $37,948.00 in the form of a lump sum payment for one-half of Daughter's uninsured medical bills and $854.00 a month while Daughter remained in high school. With these facts in mind, we address Father's first two points of error.

### Jurisdiction

■ In points of error one and two, Father claims that the trial court did not have jurisdiction, under either section 14.05(a) or section 14.08(c) of the Texas Family Code, to order lump sum child support payments or extend child support since the trial court's order was entered after Daughter's eighteenth birthday. In other words, the real issue, under points of error one and two is whether the filing of a motion to modify child support prior to the child's eighteenth birthday extended the trial court's jurisdiction to hold a hearing and order child support after the child became eighteen.

At the time of the trial, Section 14.05(a) read:

The court may order either or both parents to make periodic payments or a lump sum payment, or both, for the support of the child until he or she is 18 years of age in the manner and to the persons specified by the court in the decree; provided that, if the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, the order for

---

**1.** We note at the outset that Father filed a cash deposit in lieu of cost bond. Unfortunately, to document the cash deposit, he used an unexecuted cost bond form with a notation of "$1,000.00 Ck# 5707" in the top left-hand corner. After considerable effort, this Court was able to ascertain that Father had actually filed a cash

deposit in lieu of cost bond. We note, however, that even an unexecuted cost bond is sufficient to vest jurisdiction in this Court. *See Woods Exploration v. Arkla*, 528 S.W.2d 568, 570 (Tex. 1975); *Lindsay v. Price*, 33 Tex. 263, 265–66 (1870).

periodic support of the child may provide that payments continue until the end of the school year in which the child graduates. In addition, the court may order a parent obligated to support a child to set aside property to be administered for the support of the child in the manner and by the persons specified by the court in the decree. After reviewing the recommendations of the Texas Commission on Child Support, the Supreme Court of Texas shall by rule adopt guidelines to compute an equitable amount of child support to guide the courts in determining the amount of child support. In determining the amount of child support, the court shall consider all appropriate factors, including but not limited to the guidelines adopted by the Supreme Court, the needs of the child, the ability of the parents to contribute to the child's support, and any financial resources available for the support of the child. Procedures to Establish and Enforce Child Support, ch. 232, § 6, 1985 Tex.Gen.Laws 1158, 1160.[2] As the quote above reveals, at that time, section 14.05(a) contained no express language regarding whether the court could retain jurisdiction to modify child support after the child's eighteenth birthday.

However, in interpreting a former version of section 14.05(a),[3] the Supreme Court held that the clear import of section 14.-05(a) and (b), when read in context with other provisions of title 2 of the Family Code, was that child support payments would be continued after the child's eighteenth birthday only if the grounds existed and were invoked before the child became an adult, i.e., before the child reached age eighteen. See Red v. Red, 552 S.W.2d 90, 92 (Tex.1977). Despite the fact that the

court spoke in terms of both section 14.-05(a) and 14.05(b), the holding in Red was actually based on section 14.05(b). See Red, 552 S.W.2d at 92. Therefore, the language in Red concerning section 14.05(a) could be read as dictum. However, even if the language concerning section 14.05(a) is dictum, it still clearly expresses the Court's views in this area. As we interpret the views expressed by the Court in Red, the trial court, in 14.05(a) actions, retains jurisdiction after the child's eighteenth birthday as long as the jurisdiction of the court was invoked prior to the child's eighteenth birthday. Furthermore, Red implies that filing a motion to modify or filing any other proper pleading invokes jurisdiction of the trial court. Id.

Recently, the Corpus Christi Court of Appeals interpreted Red in the same manner we interpret it, i.e., to mean that if the appellant filed a section 14.05(a) action in the court of original jurisdiction, setting out grounds for relief prior to the child's eighteenth birthday, that action was sufficient to invoke the trial court's jurisdiction to hear the motion even though the hearing occurred after the child's eighteenth birthday. See McLendon v. Allen, 752 S.W.2d 731, 733 (Tex.App.—Corpus Christi 1988, n.w.h.).

Similarly, this Court has held that the trial court loses jurisdiction in section 14.-05(a) cases when the motion to modify was not filed prior to the child's eighteenth birthday. See Ex parte Boemer, 711 S.W.2d 406, 407 (Tex.App.—Dallas 1986, orig. proceeding); cf. Fullerton v. Holliman, 721 S.W.2d 478, 479 (Tex.App.—Eastland 1986, writ dism'd) (motion filed after eighteenth birthday did not comport with holding in Red that grounds must exist and be

---

**2.** *Amended by* Family Code—Technical Corrections in Suits Brought under Titles 1 and 2, ch. 221, § 10, 1987 Tex.Sess.Law Serv. 2965, 2971 (Vernon).

**3.** The relevant portions of the former version of section 14.05(a) read:

(a) The court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age in the manner and to the persons specified by the court in

the decree. In addition, the court may order a parent obligated to support a child to set aside property to be administered for the support of the child in the manner and by the persons specified by the court in the decree. *Red v. Red,* 552 S.W.2d 90, 92 (Tex.1977) (quoting the statute). We note that the differences in this version of the statute and the version in effect at the time of trial in this case do not in any way affect the jurisdictional issues raised here.

invoked prior to child's eighteenth birthday); *Mr. W. Fireworks, Inc. v. Mitchell,* 622 S.W.2d 576, 577 (Tex.1981) (where jurisdiction is once lawfully and properly acquired, it will not be defeated by subsequent amendments seeking only additional damages that are accruing because of the passage of time). Even though *Boemer* is distinguishable from the facts before us, we conclude that it lends support to our holding that jurisdiction vests in section 14.05(a) actions prior to November 1, 1987,[4] when a party *files* a motion to modify or any other proper pleading *prior to the child's eighteenth birthday.* Once jurisdiction vests, the trial court, in a section 14.-05(a) action prior to November 1, 1987, does not lose jurisdiction merely because the child turns eighteen prior to disposition of the pending action. If we were to hold otherwise, litigants could exhaust jurisdiction merely by employing dilatory tactics. Thus, we overrule Father's first two points of error.

### Abuse of Discretion

In his third point of error, Father asserts that, if the trial court did have jurisdiction, it abused its discretion by ordering him to make a lump sum child support payment for the medical expenses incurred by Daughter. For the following reasons, we do not agree.

It has been held that if a material change occurs in the needs of the child or in the ability of the affected parties to support the child, a modifying order is not an abuse of the trial court's discretion. *Baker v. Baker,* 719 S.W.2d 672, 675 (Tex.App.—Fort Worth 1986, no writ); *see Stofer v. Linville,* 662 S.W.2d 783, 784 (Tex.App.—Houston [14th Dist.] 1983, no writ); Disso-lution of Marriage and Suits Affecting Parent–Child Relationship—Orders and Decrees, ch. 424, § 9, 1983 Tex.Gen.Laws 2346, 2356;[5] TEX.FAM.CODE ANN. § 14.08(c) (Vernon Supp.1989) (continues same standard). Both Father and Mother concede that there was a material change in the circumstances of all the parties following the entry of the original support order. Thus, the trial court certainly had sufficient evidence of a material change in circumstances on which to base its decision to modify the original support order.

The Family Code expressly allows lump sum payments for the support of the child. Procedures to Establish and Enforce Child Support, ch. 232, § 6, 1985 Tex.Gen.Laws 1158, 1160;[6] *see Walsh v. Walsh,* 558 S.W.2d 94, 96 (Tex.Civ.App.—Waco 1977, writ dism'd w.o.j.); TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1989) (continues same provision). Moreover, providing medical care is expressly included within the statutory definition of child support. TEX.FAM.CODE ANN. § 12.04(3) (Vernon 1986); *see Ex parte Davilla,* 709 S.W.2d 15, 17 (Tex.App.—Corpus Christi 1986, orig. proceeding), *overruled on other grounds,* 718 S.W.2d 281 (Tex.1986). Therefore, based on sufficient evidence of a material change in circumstances, the trial court could properly modify child support by ordering lump sum payments for medical expenses. Now that we have determined that the trial court could properly order a modification of child support, we must determine if the court abused its discretion by the manner in which it ordered the payments to be made. The thrust of Father's argument is that the trial court abused its discretion in ordering Father to make a lump sum payment for one-half of the medical expenses because: (1) Mother

---

4. It should be noted that, since the trial of this case, the legislature has amended TEX.FAM.CODE ANN. § 14.05(a), effective November 1, 1987, to specifically permit a court to enter an order extending child support past the 18th birthday of a child whether the request for such an order was filed before or after the child's 18th birthday. TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1988). However, this provision was not in effect at the time of trial and is not considered in our disposition of this case.

5. *Amended by* Managing Conservators—Appointment, Rights, Privileges, Duties, and Powers, ch. 744, § 8, 1987 Tex.Sess.Law Serv. 5338, 5345.

6. *Amended by* Family Code—Technical Corrections–Clarifications in Suits Brought Under Titles 1 and 2, ch. 221, § 10, 1987 Tex.Sess.Law Serv. 2965, 2971 (Vernon).

had more money than Father did; (2) Mother allowed the medical treatment to continue after Father stated that he would not pay; and (3) the amount of the award exceeded Father's obligations under the original support order, and he had not agreed to pay for the excess.

 Father's argument that Mother should have paid since she had more money is without merit because the financial capacity of one parent is examined without regard to the other. *See Krempp v. Krempp*, 590 S.W.2d 229, 231 (Tex.Civ. App.—Fort Worth 1979, no writ). Additionally, an increase in the needs of Daughter is sufficient to justify an increase in support if Father is able to pay. *See Arndt v. Arndt*, 685 S.W.2d 769, 770 (Tex. App.—Houston [1st Dist.] 1985, no writ). The financial ability of Father to pay does not depend solely on current earnings but extends to all sources that might be available. *See Musick v. Musick*, 590 S.W.2d 582, 586 (Tex.Civ.App.—Tyler 1979, no writ). In this instance, Father had a net monthly income of $4,398.00 and net assets of approximately $690,000.00. Clearly, the record reflects that father had substantial resources available to pay the $37,948.00 lump sum child support payment.

Furthermore, Mother, as managing conservator, had the power to make decisions concerning Daughter's medical care. Family Code—Title 2 Amendments, ch. 476, § 25 and 26, 1975 Tex.Gen.Laws, 1253, 1265 [7]; *see Killpack v. Killpack*, 616 S.W. 2d 434, 436 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.); TEX.FAM.CODE ANN. § 14.02(a) (continues the same provision for sole managing conservators). The mere fact that a previous order called for a lesser amount of child support does not preclude a judicial increase. *See Dorshaw v. Dorshaw*, 635 S.W.2d 783, 785 (Tex.App. —Corpus Christi 1982, no writ); *see also Ruhe v. Rowland*, 706 S.W.2d 709, 710 (Tex.App.—Dallas 1986, no writ); *Huckeby v. Lawdermilk*, 709 S.W.2d 331, 333 (Tex. App.—Eastland 1986, no writ).

In conclusion, an appellate court will not disturb the trial court's decision absent a clear showing of an abuse of discretion. *See Sohocki v. Sohocki*, 730 S.W.2d 30, 31 (Tex.App.—Corpus Christi 1987, no writ); *Smallwood v. Smallwood*, 625 S.W.2d 75, 77 (Tex.Civ.App.—Fort Worth 1981, no writ). The facts of this case do not in any way show that the trial court abused its discretion. Consequently, we overrule Father's third point of error and affirm the trial court's judgment.

THOMAS, J., concurs.

THOMAS, Justice, concurring.

I concur. I write separately to clarify why I agree that the filing of the motion to modify the child support order prior to the child's eighteenth birthday invoked the trial court's jurisdiction.

Prior to her daughter's eighteenth birthday, Mary Ann Marshall filed a motion to modify the child support order, seeking an increase in child support so as to require Joseph P. Sheldon to pay for one-half of his daughter's medical expenses until the child reached age eighteen. The case did not proceed to trial until twenty-one days after their daughter's eighteenth birthday. Thus, considerably after the child's eighteenth birthday, the trial court entered an order modifying child support, requiring Sheldon to pay medical expenses incurred by his child prior to her eighteenth birthday.

The sole issue on appeal is whether the filing of the motion before the daughter's eighteenth birthday invoked the jurisdiction of the trial court under sections 14.05 and 14.08 of the Texas Family Code. Section 14.05 provides for the support of a child, and at the time of trial provided, in part, "The court may order either or both parents to make periodic payments or a lump sum payment, or both, for the support of the child until he or she is 18 years of age." TEX.FAM.CODE ANN. § 14.05(a) (Vernon

---

**7.** *Amended by* Managing Conservators—Appointment, Rights, Privileges, Duties and Powers, ch. 744, § 5, 1987 Tex.Sess.Law Serv. 5338, 5340 (Vernon).

1986).[1] Section 14.08 sets out the procedure for modification of a child support order: "A court order ... that provides for the support of a child ... may be modified only by the filing of a motion in the court having continuing, exclusive jurisdiction of the suit affecting the parent-child relationship." TEX.FAM.CODE ANN. § 14.08(a) (Vernon 1986).

Sheldon argues that the trial court lacked jurisdiction to modify the child support award because the court failed to act on Marshall's modification request until after the child's eighteenth birthday. He relies in principal part on *Red v. Red*, 552 S.W.2d 90 (Tex.1977). In *Red*, the mother sought child support for a disabled twenty-six-year-old daughter under section 14.05(b) of the Family Code. The supreme court noted that a financially able father had an obligation to support an incompetent adult child, and that section 14.05(b) provided for support of an adult disabled child. The court held, however, that:

> [T]he clear import of Section 14.05(a) and (b), when read in context with other provisions of all of Title 2 of the Family Code, is that "the court 'may order that payments for the support of the child shall be continued after the eighteenth birthday' " only if *the grounds therefore exist and are invoked before the child becomes an adult;* i.e., before reaching age 18. A contrary interpretation would defer any possibility of finality or discharge of a judgment of this nature, since the matter could be raised throughout the lifetime of an adult who had once been the subject of child support orders in a divorce judgment.

*Red*, 552 S.W.2d at 92. I agree with Sheldon that *Red* is the controlling authority; I cannot agree, however, that the result Sheldon desires is supported by *Red*.

*Red* clearly speaks in terms of *invoking* the court's jurisdiction prior to the child's eighteenth birthday. The court in *Red* did not specifically state that an order of support must be entered prior to the child's eighteenth birthday. The only requirements that the court set out were that the grounds exist for granting the relief requested and are invoked in the court of original jurisdiction before the child's eighteenth birthday. *See McLendon*, 752 S.W. 2d at 733.

In the case at bar, Marshall filed the motion setting out grounds for relief prior to the child's eighteenth birthday. This was sufficient to invoke the trial court's jurisdiction to hear the motion, even if that hearing would have occurred subsequent to the child's eighteenth birthday. As our sister court aptly stated:

> It would not be just or equitable to deny such relief just because the trial court could not or did not conduct the hearing until after the child's eighteenth birthday. This, we believe, is in keeping with the legislative intent and the holding by the Supreme Court in *Red v. Red*.

*McLendon*, 752 S.W.2d at 733. Thus, I agree with the majority that, in the case at bar, the trial court had jurisdiction to modify the child support order.

---

1. Act of May 24, 1985, ch. 183, § 2(a), 1985 Tex.Gen.Laws 750, *amended by* Act of August 4, 1987, ch. 73, § 4(a), 1987 Tex.Sess.Law Serv. 461, 462 (Vernon). The 1987 amendment provides that a court may modify a child support order to allow for support of a child enrolled in high school past age eighteen, "whether the request for such an order is filed before or after the child's 18th birthday." TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1980). Both parties concede that this addition, rendering immaterial the time of filing a motion to modify, was not effective at the time of this trial. *See McLendon v. Allen*, 752 S.W.2d 731, 732 (Tex. App.—Corpus Christi 1988, no writ).