## In the Matter of the Marriage of Eldon (Gus) DRIVER and Gloria R. Mamaril,

## In the Interest of Gianna Mamaril DRIVER, a Child.

No. 06–94–00149–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 21, 1995.

Decided March 27, 1995.

---

Mark Dunn, Nacogdoches.

Richard Miller, Longview.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Eldon Driver appeals from the modification of child support. Driver contends that the finding that he had additional resources to supplement his income was not supported by the evidence. He also contends that the court should not have determined that he had resources available to him in the amount of at least $1,000 per month and thereby erred by setting child support in an amount so high that it does not permit him to pay his necessary expenses of living.

After Driver's first wife died, he married Gloria Mamaril. They were divorced in 1986. One child was born to the marriage, Gianna Mamaril Driver, on October 2, 1982. Under a modification order entered in 1990, Driver was ordered to pay Mamaril $150 per month in child support, but applied against that a dollar-for-dollar credit for any Social Security payments received by Gloria Mamaril. (She was then receiving $50 per month based upon Driver's disability.) Driver therefore was required to actually pay $100 per month in child support.

Driver is presently sixty-six years old and receives a Social Security check in the amount of $240 per month and an SSI check in the amount of $226 per month, totaling $466 per month. He contends that these payments constitute his sole income and that the trial court erred by increasing the amount of his child support payments to $200 per month. In findings that were articulated in its order setting child support, the trial court determined that other resources available to Driver were sufficient to provide him with net resources in the amount of at least $1,000 per month and, based upon this finding, set child support at $200 per month.

In our review, we recognize that the best interest of the child is always the court's primary consideration in setting support. TEX.FAM.CODE ANN. § 14.07 (Vernon 1986 & Supp.1995). A trial court has broad discretion to set child support within the statutory limits of the Family Code. TEX.FAM.CODE ANN. § 14.05(a) (Vernon Supp.1995); *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 415 (Tex. 1993). We will not disturb that decision unless it constitutes a clear abuse of discretion. *Rodriguez*, 860 S.W.2d at 415. In determining whether a trial court has abused its discretion, we look to see whether it acted arbitrarily or unreasonably and without reference to guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987).

Driver filed a specific request under TEX. FAM.CODE ANN. § 14.057 (Vernon Supp.1995) asking the court to make findings of the amount of net resources available and the specific reasons that the amount of support per month varies from the amount computed by the percentage guidelines. The court thereafter found and stated in its judgment:

> The court finds that ELDON (GUS) DRIVER has additional resources to supplement his income, and that:
>
> (1) the amount of net resources available to the obligor per month is at least $1,000.00; . . . .

The court then applied Section 14.055 of the Family Code to this amount and ordered Driver to pay $200 per month in child support payments (or twenty percent) to Mamaril. TEX.FAM.CODE ANN. § 14.055 (Vernon Supp.1995).

Findings of fact made in a case tried to the court have the same force and effect as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). Findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards applicable in reviewing the evidence supporting a jury verdict. *Zieben*

*v. Platt,* 786 S.W.2d 797, 799 (Tex.App.— Houston [14th Dist.] 1990, no writ).

In this case, Driver attacks the legal and factual sufficiency of the evidence to support an adverse finding on an issue on which he did not have the burden of proof. He must therefore demonstrate on appeal that there is no evidence to support the finding in order to support his no evidence claim. In reviewing this point of error, we consider only the evidence and inferences tending to support the finding, disregarding the contrary evidence and inferences. *Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *Southern States Transportation, Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989).

When an appellant attacks the factual sufficiency of the evidence, the reviewing court must consider all of the evidence and may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). In a review applying an abuse of discretion standard, however, the legal and factual sufficiency of the evidence are not independent grounds of error, but are treated as relevant factors in assessing whether the trial court abused its discretion. *In re Pecht,* 874 S.W.2d 797, 800 (Tex.App.—Texarkana 1994, no writ).

The evidence adduced at trial and the inferences that might be taken from that evidence, viewed in the light most favorable to the court's finding, provides the following support for the trial court's decision.

Driver is a sixty-six-year-old disabled man. He receives a total of $466 per month from the federal government in the form of Social Security benefits. He owns and lives in a house on a ninety-acre farm near Nacogdoches. His three adult children from his previous marriage live in his home rent free. His two sons are employed full time in Nacogdoches. His daughter raises cattle on the property without paying rent to her father. He also does not receive any portion of the proceeds from the sale of the cattle or from her use of the barns and farm equipment.

Driver testified that he had owned and operated a pet shop near Nacogdoches and that ten years earlier, when his daughter was sixteen, he had sold her the pet shop for $500, although it had a fair market value of $35,000. The rental income presently received from a mobile home on that property is $225 per month.

Driver testified that he had filed bankruptcy five years previously and that he presently had no enforceable debts against him other than his current living expenses. There is evidence that the daughter had purchased and later sold a beach-front cabin in Galveston for approximately $14,000. The evidence indicates that Driver had helped her purchase the property four or five years earlier with a portion of a lump-sum payment he had received in connection with his disability. However, the evidence also shows that his assistance was limited to approximately $750.

It can be inferred from this evidence that he had the ability to more effectively utilize the resources at his command to provide more income than he presently receives. If the land has value, it can properly be considered by the court in determining the amount of his net resources. The following language contained in TEX.FAM.CODE ANN. § 14.053(e) (Vernon Supp.1995) is the statutory basis for awarding child support based upon assets rather than purely upon income:

Additional Factors. The court may consider any additional factors that increase or decrease the ability of the obligor to make child support payments. When appropriate, in order to determine the "net resources" available for child support the court may assign a reasonable amount of "income" attributable to assets that do not currently produce income. However, the court shall consider whether certain nonincome-producing property can be liquidated without an unreasonable financial sacrifice because of cyclical or other market conditions. If there is not an effective market for the property, the carrying costs of such an investment, including property taxes and note payments, shall be offset against the income attributed to the property. The court may also assign a reasonable

amount of "income" to income-producing assets that have been voluntarily transferred or reduced in earnings with the effect of reducing the net resources of the party. As used in this section, "property" and "assets" include both real and personal property and assets, including a business and investments.

Examining this evidence in the light most favorable to the court's findings, we find that there is some evidence that would support the trial court's determination that he had available net resources in the amount of $1,000.

■ In examining the evidence for sufficiency, we must consider all of the evidence and may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. An ordered payment can be justified by assets owned by the obligor. *Sheldon v. Marshall*, 768 S.W.2d 852, 856 (Tex.App.—Dallas 1989, no writ); *see Musick v. Musick*, 590 S.W.2d 582 (Tex.Civ.App.—Tyler 1979, no writ).

There is evidence that Driver is disabled by severe cardiac problems and is unable to work or to engage in strenuous activity. It is not unusual for adult children who are able to do so to reside with or near an elderly parent so that they might be able to care for the parent. The evidence shows that they lent him $13,000 in 1991 to buy a van and that he has not been able to repay the loan. Driver testified that he had no bank accounts and that he kept very small amounts of cash around the house. The evidence also shows that the sale of the pet shop, which had been his separate property from before this marriage, took place during the marriage.

In the case of *Anderson v. Anderson*, the Houston Court of Appeals recognized that financial ability for paying child support extends to the financial ability to pay from any and all sources. *Anderson v. Anderson*, 767 S.W.2d 163, 165 (Tex.App.—Houston [14th Dist.] 1988, no writ). In the *Anderson* case, there is language to suggest that the owner of the property has a duty to negate the value of the property. We know of no rule that would shift the burden of proof. However, further language in that opinion suggests that there may have been a value placed upon the property during the previous divorce proceedings, which the trial court could take into consideration, and that the obligor had "not met his burden to show the reduced value of the property."

In the present case there is no value established; no showing that the property could be rented and for what amount; and no showing that the property was worth anything or was even marketable.

In the absence of such evidence, only speculation could provide a figure for income derived from the property or for its value. We hold that the evidence proving the value of the assets of the obligor is not sufficient to provide support for the court's determination that Driver had net resources available in the amount of $1,000 per month.

We must also determine whether the trial court abused its discretion by setting child support at this amount in light of the facts before it. Based upon its finding of net resources available, the trial court correctly set the child support at the twenty percent set out in Section 14.055 of the Family Code.[1] In light of our holding that the evidence was insufficient to support the court's net resource determination, we are constrained to hold that its setting of child support at this level constitutes an abuse of discretion.

Because of our decision on this issue, it is unnecessary for us to consider Driver's remaining points of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

---

1. In doing so, the court also noted that the expenses of health care insurance were being divided between the parties.