TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00130-CV






Melody Fickle, Appellant



v.



Allen Lee Fickle, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-99-0296-F, HONORABLE CURT STEIB, JUDGE PRESIDING






 Melody Fickle ("Melody") appeals the trial court's final decree of divorce awarding
appellee, Allen Lee Fickle ("Allen"), the right to establish the primary residence of the couple's
only child, Brianna Nicole Fickle ("Brianna"). Appellant contends that the trial court abused its
discretion in awarding Allen the right to determine Brianna's primary residence. We will affirm
the trial court's decree.


BACKGROUND

 Melody and Allen married on May 29, 1993. Soon after, Melody joined the United
States Air Force and the couple moved to Goodfellow Air Force Base in San Angelo, Texas. On
December 19, 1994, their daughter Brianna was born. Brianna was eventually diagnosed as a
"special needs" child because of speech and emotional development problems. Melody became
dissatisfied with her family's situation at Goodfellow and subsequently requested a tour of duty
overseas with the hope of later obtaining a stateside assignment at a different location. Melody
consequently performed a tour of duty in Korea for one year--from March 1998 through March
1999. Before leaving for Korea, Melody was Brianna's primary caregiver but Allen shared the
child-rearing responsibilities. After Melody left for her tour of duty, Allen assumed the role of
exclusive caregiver for Brianna.

 Melody returned to San Angelo in March 1999 and filed for divorce shortly
thereafter. In May 1999, the trial court appointed Melody and Allen joint temporary managing
conservators, whereby Brianna moved back and forth between them on a monthly basis. In
August 1999, the parties waived a jury trial and the trial court heard evidence on the merits. In
its final decree of divorce signed November 1, 1999, the court appointed Melody and Allen joint
managing conservators of Brianna. As one of Allen's rights and duties, the trial court gave him
the authority to establish Brianna's primary residence. Melody now appeals the trial court's
decree, complaining only of this ruling.


DISCUSSION

 Melody does not contest the appointment of the parents as joint managing
conservators. Thus, she acknowledges that either Allen or Melody must have the responsibility
of establishing their daughter's primary residence and that the trial court could properly make this
decision. She asserts, however, that the trial court abused its discretion by relying on
impermissible factors in awarding Allen the right to establish Brianna's primary residence. In
particular, Melody contends that the trial court violated the Fourteenth Amendment of the United
States Constitution and section 153.003 of the Texas Family Code, which prohibits discrimination
on the basis of sex or marital status in determining conservatorship of a child. See U.S. Const.
amend. XIV; Tex. Fam. Code Ann. § 153.002 (West 1996). Melody further contends that the
trial court abused its discretion because the evidence presented showed that awarding custody to
Allen "was clearly not in the best interests of Brianna Fickle."

 Although Melody argues two separate points of error, both of Melody's arguments
are subsumed by the allegation that the trial court abused its discretion when it awarded Allen the
right to determine Brianna's primary residence. In a review applying an abuse of discretion
standard, insufficiency of the evidence is not an independent ground of complaint; instead, the
appellate court considers the sufficiency of the evidence supporting the ruling as one relevant
factor in assessing whether the trial court abused its discretion. In re Driver, 895 S.W.2d 875,
877 (Tex. App.--Texarkana 1995, no writ); see also Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991).

 The trial court is given wide latitude in determining the best interest of a minor
child. Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). The decision concerning 
conservatorship of a child is addressed to the sound discretion of the trial court when it sits as trier
of fact. Jeffers v. Wallace, 615 S.W.2d 252, 253 (Tex. Civ. App.--Dallas 1981, no writ). The
appellate court will not disturb the trial court's order concerning a joint managing conservatorship
unless the trial court clearly abused its discretion. Gillespie, 644 S.W.2d at 451. We afford this
deference to the trial court because it is in the best position to observe the demeanor and
personalities of the witnesses, and can "feel the forces, powers, and influences that cannot be
discerned by merely reading the record." Id. Thus, we will not hold that the court abused its
discretion as long as the record contains some evidence of a substantive and probative character
to support the trial court's decision. Valdez v. Valdez, 930 S.W.2d 725, 731 (Tex. App.--Houston
[1st Dist.] 1996, no writ). 

 Melody requested that the trial court make findings of fact and conclusions of law. 
See Tex. R. Civ. P. 296. It did so. The trial court concluded that, "[b]ased on section 153.002
of the Family Code, the best interests of the child shall always be the primary consideration of the
court in determining the issues of conservatorship and possession of and access to the child." See
Tex. Fam. Code Ann. § 153.002 (West 1996). The court found as a matter of fact, "The best
interests of the child dictate that the parents be appointed joint managing conservators, but that the
father should have the exclusive right to determine the primary residence of the child."

 Melody presents no support for her bald assertion that the trial court violated
section 153.003 of the Texas Family Code and the Fourteenth Amendment of the United States
Constitution. She directs us to no proof in the record in support of these contentions. 
Furthermore, the record does not indicate that the trial court made its determination on any one
factor, impermissible or otherwise. Both parties testified fully concerning the issue, along with
other witnesses. The record contains evidence tending to support the trial court's decision that it
was in Brianna's best interest for Allen to determine her primary residence. While Allen was not
Brianna's primary caregiver before Melody left for Korea, he assumed that position after Melody
left. Allen served as Brianna's sole caregiver from March 1998 through March 1999 and as her
joint temporary managing conservator from May 1999 to November 1999. Allen testified that
Brianna is his "number one priority" and that he believes he "can provide that stability that she
needs and that continuity and discipline and structure." Melody's testimony conceded that Allen
possesses adequate parenting skills and that Melody would not have left for Korea had she not
believed that Allen could handle the responsibility of caring for Brianna. Another witness testified
that Brianna's behavior problems improved during the year Allen had primary responsibility for
her.

 Melody points to no evidence that the trial court considered impermissible factors
in reaching its decision. Furthermore, the record contains evidence of a substantive and probative
character tending to support the trial court's decision. See Valdez, 930 S.W.2d at 731. Therefore,
we cannot say that the trial court abused its discretion in granting Allen the right to determine the
primary residence of Brianna. Melody's points of error are accordingly overruled.


CONCLUSION

 Having overruled appellant's points of error, we affirm the trial court's decree
awarding appellee the right to establish the child's primary residence.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: November 30, 2000

Do Not Publish


court abused its discretion when it awarded Allen the
right to determine Brianna's primary residence. In a review applying an abuse of discretion
standard, insufficiency of the evidence is not an independent ground of complaint; instead, the
appellate court considers the sufficiency of the evidence supporting the ruling as one relevant
factor in assessing whether the trial court abused its discretion. In re Driver, 895 S.W.2d 875,
877 (Tex. App.--Texarkana 1995, no writ); see also Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 2