ACCEPTED
03-15-00008-CV
7476585
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/21/2015 2:05:15 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00008-CV

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 11:20:15 AM
JEFFREY D. KYLE
Clerk

---

## PAUL D. SIMMONS
### APPELLANT

## V.

## TERESA A. SIMMONS
### APPELLEE

---

ON APPEAL FROM THE 119TH JUDICIAL DISTRICT COURT OF
TOM GREEN COUNTY, TEXAS
CAUSE NO. B-13-0232-F

---

## BRIEF OF APPELLEE

---

Garrett Clarkson Higley
SBN 24046074
Law Office of Garrett C. Higley, PLLC
508 W. 12th Street
Austin, Texas 78701
(512) 514-1940
Fax No. (512) 391-0028
Garrett@higleyfamilylaw.com

Robert B. Luther
SBN 12704000
Law Offices of Robert B. Luther, P.C.
1800 Rio Grande
Austin, Texas 78701
(512)477-2323
Fax (512)478-1824
rbluther@luthlaw.com

**Attorneys on Appeal**
**For Appellee**

No. 03-15-00008-CV

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT

---

PAUL D. SIMMONS
APPELLANT

V.

TERESA A. SIMMONS
APPELLEE

---

ON APPEAL FROM THE 119TH JUDICIAL DISTRICT COURT OF
TOM GREEN COUNTY, TEXAS
CAUSE NO. B-13-0232-F

---

BRIEF OF APPELLEE

---

TO THE HONORABLE COURT OF APPEALS:

Appellee Teresa A. Simmons respectfully files this Brief.

i

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the TEXAS RULES OF APPELLATE PROCEDURE, the following information is supplied to this Honorable Court.

## Parties:

Trial Petitioner and Appellee..................................................................Teresa A. Simmons

Trial Respondent and Appellant..............................................................Paul D. Simmons

## Counsel:

Appellee Counsel for
Teresa A. Simmons......................... Robert B. Luther
LAW OFFICES OF ROBERT B. LUTHER, P.C.
1800 Rio Grande
Austin, Texas 78701

Garrett Clarkson Higley
Law Office of Garrett C. Higley, PLLC
508 W. 12th Street
Austin, Texas 78701

Trial Counsel for
Teresa A. Simmons.........................Kirk Hawkins
Attorney at Law
224 West Beauregard, Suite 303
San Angelo, Texas 76903

Trial Counsel for Respondent/
Appellant on Appeal
Paul D. Simmons............................Melvin Gray
Gary & Brigman, PLLC
206 W. College Ave.
San Angelo, Texas 76903

ii

Trial Court..........................................The Honorable Ben Woodward
119th Judicial District Court
Tom Green County, Texas

## OBJECTION TO REQUEST FOR ORAL ARGUMENT

Appellee believes the request for oral argument should be denied, because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................................ii

Objection to Request for Oral Argument.................................................................iv

Table of Contents........................................................................................................v

Designation of References........................................................................................vi

Index of Authorities.................................................................................................vii

Statement of the Case ...............................................................................................ix

Reply to Issue Presented............................................................................................x

Statement of Facts .....................................................................................................2

Summary of Argument...............................................................................................3

Argument....................................................................................................................4

Conclusion and Prayer.............................................................................................15

Certificate of Compliance........................................................................................17

Certificate of Service...............................................................................................17

# DESIGNATION OF REFERENCES

## Record References

The Clerk's Record includes all of the relevant pleadings and orders filed with the trial court and clerk. The Clerk's Records contains one volume. References in this Appellee's Brief to the Clerk's Record are by volume and page number, indicated as "CR 1:___."

The Reporter's Record includes the transcript of the bench trial held on July 22, 2014. The Reporter's Record contains three volumes. References to the Reporter's Record are by volume and page number, indicated as "RR ___:___."

The Reporter's Record also includes all of the parties' exhibits submitted to the trial court and admitted into evidence during the bench trial. Copies of all such exhibits are included in Volume 3 of the Reporter's Record. Reference to the parties' exhibits are indicated as "RR 3:PX#___" or "RR 3:RX#___."

References to the trial court's Findings of Fact are indicated as "FF#___." References to the trial court's Conclusions of Law are indicated as "CL#___."

References to Appellant's Brief are indicated as "AB:___."

## Party References

Paul D. Simmons, Appellant, shall be referred to as either "Appellant" or "Paul" herein. Teresa A. Simmons, Appellee, shall be referred to as "Appellee" or "Teresa."

# INDEX OF AUTHORITIES

**Cases**                                                                                                                                       **Page**

*Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) ...................................................................5

*Childs v. Haussecker*, 1974 S.W.2d 31, 36 (Tex. 1998) .......................................................6, 7

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005) ...............................................5, 13

*Computer Assocs., Int'l v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996).........................8

*Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex.App.-El Paso 2005, no pet.)....................4

*Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997) ......................................................6

*Haas v. George*, 71 S.W.3d 904, 912
(Tex. App. – Texarkana 2002, no pet.).............................................................................9

*Hay v. Shell Oil Co.*, 986 S.W.2d 772, 777
(Tex. App. – Corpus Christi 1999, pet. denied)................................................................8

*HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).............................................8

*In re T.J.L.*, 97 S.W.3d 257, 265
(Tex.App.-Houston [14th Dist.] 2002, no pet.) ................................................................4

*In the Marriage of Reinauer*, 946 S.W.2d 853, 860
(Tex. App. – Amarillo 1997, pet. denied) .........................................................................6

*KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*,
988 S.W.2d 746, 749(Tex. 1999)........................................................................................7

*Lide v. Lide*, 116 S.W.3d 147, 151 (Tex.App.-El Paso 2003, no pet.)...........................5

*Low v. Henry*, 221 S.W.3d 609, 614 (Tex.2007)............................................................6

*Oliver v. Rogers*, 976 S.W.2d 792, 802
(Tex. App. – Houston [1st Dist.] 1998, pet. denied).......................................................8

*S.V. v. R. V.,* 933 S.W.2d 1 (Tex. 1996)........................................................8, 9, 10

*Shell Oil Co. v. Ross,* 356 S.W.3d 924, 930 (Tex. 2001) ................................................8

*Sotelo v. Gonzales,* 170 S.W.3d 783, 787
(Tex. App.-El Paso 2005, no pet.)........................................................4, 5, 6

*Treuil v. Treuil,* 311 S.W.3d 114, 123
(Tex. App. – Beaumont 2010, no pet.)........................................................9

*Wagner & Brown, Ltd. v. Horwood,* 58 S.W3d 732 at 734-35 (Tex. 2001)....................7, 8

*Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex. 1988)........................................................7

## Statutes                                                                                       Page

§ 9.003(b), Tex. Family Code (Vernon's 2015)........................................................3

§ 9.011, Tex. Family Code (Vernon's 2015)........................................................9

# STATEMENT OF THE CASE

Appellee accepts Appellant's Statement of the Case.

# REPLY TO ISSUE PRESENTED

**Reply to Issue No. 1:** The trial court properly exercised its discretion by enforcing an award of retirement funds to Teresa and denying Paul's statute of limitations defense because Teresa brought the enforcement action within two years of her discovering his breach of fiduciary responsibility.

No. 03-15-00008-CV

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT

---

PAUL D. SIMMONS
APPELLANT

V.

TERESA A. SIMMONS
APPELLEE

---

ON APPEAL FROM THE 119TH JUDICIAL DISTRICT COURT OF
TOM GREEN COUNTY, TEXAS
CAUSE NO. B-13-0232-F

---

BRIEF OF APPELLEE

---

TO THE HONORABLE COURT OF APPEALS:

APPELLEE TERESA A. SIMMONS (hereafter designated "Appellee" or

"Teresa") respectfully submits this her Appellee's Brief and would ask this court to affirm

the final order entitled "Judgment" signed on September 15, 2014, by the Honorable Ben

Woodward, presiding judge of the 119th Judicial District Court of Tom Green County,

Texas.

1

## STATEMENT OF FACTS

Teresa would add the following to Paul's Statement of Facts [AB:6]:

Teresa filed a Petition for Enforcement of Order, ("Petition for Enforcement"), seeking to enforce the Divorce Decree, on April 3, 2014. (CR 1:35-37; FF#10)(AB:Appendix 2). Teresa asserted in her enforcement pleading that she became aware of the retirement payment in late 2012 or early 2013. (CR 1:36). Paul asserted various affirmative defenses to Teresa's enforcement action, including but not limited to, the statute of limitations. (CR 1:25-26;FF#9)(AB:Appendix 2).

Teresa met Paul to talk to him one time after their divorce. (RR 24:20-24). At that meeting she mentioned something to him while at an evening dinner, and he handed her a Conoco knife saying "Here, you've -- you've -- you've earned part of this." (RR 25:10-12). Teresa reminded him about her percentage award of retirement, and he said "I know, I know, I know. I won't forget". (RR 25:13-15).

Teresa testified that she first learned about Paul cashing in his retirement from her daughter when she told Teresa that Paul "took his money out of Conoco and paid his home off." (RR 21:2-8).

The trial court found that "[Teresa] learned of this retirement distribution sometime after August 2012 when her daughter told her that Defendant was mad at a loan company and paid them with proceeds from a retirement distribution." (CR 52; FF#7). The trial court further concluded that "The earliest [Teresa] learned about the

2

retirement distribution to [Paul] was after August 2012." (CR 53; CL#2). Paul did not dispute nor was there any evidence adduced that disputed Teresa's testimony.

## SUMMARY OF ARGUMENT

Teresa brought her enforcement action against Paul within two years the date her claim accrued against Paul, the date she received notice that he had cashed in his Conoco retirement, failed to give her a share of the retirement, and breached his fiduciary duty.

Teresa asserted in her enforcement petition she did not find out Paul had cashed in his retirement until August 2012, i.e., that she discovered her injury in August of 2012. The trial court, based on undisputed facts, found that Teresa first found out Paul had received a retirement distribution in August of 2012. The trial court further made the legal conclusion that the earliest the Plaintiff [Teresa] learned about the retirement distribution to Defendant [Paul] was after August 2012.

The trial court impliedly found that cashing out the retirement fund was inherently undiscoverable, and that Teresa had exercised reasonable diligence. As such, the trial court properly concluded that the discovery rule tolled the applicable two-year statute of limitations found in Tex. Fam. Code § 9.003(b). The trial court properly enforced the provision of the divorce decree in regards to the division of Paul's retirement benefits.

3

# ARGUMENT

## REPLY TO ISSUE PRESENTED:

**The trial court properly exercised its discretion by enforcing an award of retirement funds to Teresa and denying Paul's statute of limitations defense because Teresa brought the enforcement action within two years of her discovering his breach of fiduciary responsibility.**

### *Standard of Review*

A trial court's ruling on a post-divorce motion for enforcement of a divorce decree is reviewed under an abuse-of-discretion standard. See *In re T.J.L.*, 97 S.W.3d 257, 265 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (abuse of discretion standard applied in reviewing order enforcing payment of child's healthcare expenses and uninsured medical expenses). In determining whether the trial court abused its discretion, there are two questions: (1) did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion? *Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex.App.-El Paso 2005, no pet.).

With respect to the first question, the traditional sufficiency standards apply. *Sotelo v. Gonzales*, 170 S.W.3d 783, 787 (Tex.App.-El Paso 2005, no pet.). An appellant may challenge the trial court's findings of fact for legal and factual sufficiency of the evidence. *Sotelo*, 170 S.W.3d at 787. A legal sufficiency or "no evidence" challenge will be sustained if the party suffering the adverse decision at trial shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the

4

only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005). When conducting a legal sufficiency review, evidence is viewed in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *id.* at 822. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *id.*

In a factual sufficiency review, all of the evidence is considered, both the evidence which tends to prove the existence of a vital fact, as well as evidence which tends to disprove its existence. *Sotelo*, 170 S.W.3d at 787. A finding should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Once it is determined that sufficient evidence exists, the court must consider whether the trial court made a reasonable decision. *Lide v. Lide*, 116 S.W.3d 147, 151 (Tex.App.-El Paso 2003, no pet.). In other words, the court must determine that the ruling was neither arbitrary nor unreasonable. *id.* Under the second inquiry, the test is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Sotelo*, 170 S.W.3d at 787-88. Rather, the issue is whether the trial court acted without reference to any guiding rules or principles such that its ruling was

arbitrary or unreasonable. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex.2007); *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). An abuse of discretion is shown if the trial court drew an incorrect conclusion of law by misapplying the law to the facts or if the controlling findings of fact do not support a correct legal theory sufficient to support the judgment. *Sotelo*, 170 S.W.3d at 788.

## *The Discovery Rule Avoids Limitations as a Bar to Teresa's Claim*

Absent a basis to defer the running of the clock for purposes of statutes of limitation, limitations generally begin to run when the wrongful act causes an injury. *Childs v. Haussecker, 1974 S.W.2d 31, 36 (Tex. 1998)*. In this case, Teresa was injured when Paul did not comply with the terms of the divorce decree. The parties' divorce decree required Paul to remit to Teresa "[a] portion of Husband's retirement, pension, thrift, profit sharing and other employee benefits acquired through Husband's employment with Conoco, to be paid if, as, and when received by Husband. (CR 1;14;RR 3:PX#5;FF#5;FF#1)(Appendices 2-3). Teresa's injury occurred when Paul withdrew all of the funds from the retirement account and upon doing so then failed to immediately remit Teresa's portion to her. *See In the Marriage of Reinauer*, 946 S.W.2d 853, 860 (Tex. App. – Amarillo 1997, pet. denied).

It is Teresa's main contention that the discovery rule applies to avoid application of Paul's limitations defense to bar her claim against him for failure to pay her awarded retirement funds. The discovery rule is the legal principle which, when applicable,

6

provides that limitations run from the date the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury. *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex. 1988).

Whether the discovery rule applies in the first instance depends in part upon whether the injury is inherently undiscoverable; meaning, depending on the injury, the injury is unlikely to be discovered within the legislatively prescribed limited period even when the claimant has exercised due diligence. *Wagner & Brown, Ltd. v. Horwood,* 58 S.W3d 732 at 734-35 (Tex. 2001). When it applies, the discovery rule defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the wrongfully caused injury." *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 749(Tex. 1999). Nonetheless, the discovery rule is a limited exception to the statute of limitations and applies only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Horwood,* 58 S.W.3d at 734.

After deciding whether the discovery rules applies, the next issue for the court to decide becomes "When did Teresa learn that Paul had not remitted retirement funds owed to her?" *See Childs,* 974 S.W.2d at 37. After application of the discovery rule, resolving when Teresa had actual or constructive knowledge of Paul's failure to remit the retirement funds to her should resolve the issue whether the trial court properly refused to time bar Teresa's claim.

7

### Paul's Decision to Not Pay Teresa, a Breach of Fiduciary Duty, Is "Inherently Undiscoverable"

An injury is "inherently undiscoverable" if it is, by nature, unlikely to be discovered within the prescribed limitations period despite the plaintiff's diligence. *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2001); *Wagner v. Brown, Ltd., v. Horwood*, 58 S.W.3d 732, 734-35 (Tex. 2001); *Computer Assocs., Int'l v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996). Whether an injury is inherently undiscoverable is determined categorically – that is, by examining whether the particular type of injury claimed is general discoverable through the exercise of reasonable diligence. *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). The plaintiff must demonstrate only that it was difficult to discover the injury, the plaintiff does not need to prove that it was impossible. *See S.V. v. R. V.*, 933 S.W.2d 1 (Tex. 1996).

An injury is "objectively verifiable" if the injury's existence and the defendant's wrongful act cannot be disputed and the facts on which liability is asserted are demonstrated by direct physical evidence. *Hay v. Shell Oil Co.*, 986 S.W.2d 772, 777 (Tex. App. – Corpus Christi 1999, pet. denied). This might best be demonstrated by example. An injury resulting from a breach of contract is objectively verifiable by looking at the defendant's contract with a third party. *See Oliver v. Rogers*, 976 S.W.2d 792, 802 (Tex. App. – Houston [1st Dist.] 1998, pet. denied). Whereas, sexual abuse by a parent would not be objectively verifiable because there is no scientific consensus

on how to gauge the true or falsity of recovered memories upon which the claim would be based. *See S.V.*, 933 S.W.2d at 18.

The first part of the inquiry is whether Teresa's injury is inherently undiscoverable. Teresa did not receive payment of retirement funds she was awarded, and she did not receive them because Paul received them first and did not pay them to her, but paid bills instead. (RR 1:52; FF#3-4). When Paul received the retirement funds awarded to Teresa, a fiduciary obligation in favor of Teresa was created, a constructive trust was placed on those funds for the benefit of Teresa, and Paul owed a fiduciary responsibility to pay the funds to Teresa. Sec. 9.011, Tex. Family Code (Vernon's 2015). Paul breached his fiduciary responsibility to Teresa by not paying the retirement funds he held to Teresa.

Thankfully Texas caselaw is clear that injuries arising from a breach of a fiduciary duty are considered inherently undiscoverable. *S.V.*, 933 S.W.2d at 8; *Computer Assocs.*, 918 S.W.2d at 456; *Haas v. George*, 71 S.W.3d 904, 912 (Tex. App. – Texarkana 2002, no pet.). Generally, a party who is owed a fiduciary duty is relieved of responsibility of diligent inquiry into the fiduciary's conduct as long as the relationship exists. *S.V.*, 933 S.W.2d at 8; *Treuil v. Treuil*, 311 S.W.3d 114, 123 (Tex. App. – Beaumont 2010, no pet.). However, once fiduciary misconduct becomes apparent, it cannot be ignored, regardless of the nature of the relationship. *Computer Assocs.*, 918 S.W.2d at 456. There can be no other conclusion but that Teresa has met

9

her first burden of demonstrating that her injury, suffering from a breach of fiduciary duty, is the type of injury that is "inherently undiscoverable".

### *Teresa's Injury is Objectively Verifiable*

Evidence at trial was undisputed that Paul received the retirement funds and spent the entire amount received to pay bills. (CR:52, FF#3,4). (RR2:5, l. 9-24). The injury can be quantified and determined with certainty, as opposed to other injuries which can be disputed and cannot be demonstrated by direct physical evidence. Examples of the latter are claims proved by an expert opinion based on repressed or recovered memories which are not sufficient to objectively verify an injury; there was no scientific consensus on how to gauge truth or falsity of recovered memories. *S.V.*, 933 S.W.2d at 18. Teresa's injury being "objectively verifiable", the second prong of the test has been met, and the discovery rule applies to delay application of the statute of limitations to Paul's breach of fiduciary duty.

### *Evidence Was Sufficient Teresa Exercised Due Diligence and Filed Claim Within Two Years of Notice*

The evidence adduced at trial regarding discovery of the injury and efforts to discover the injury was the testimony of Teresa, who testified as follows:

Q.    Okay, Now, when did you first learn that your husband had cashed in his retirement with Conoco?

A.     I learned, uhm, when my daughter, gosh, uhm, was – just happened to mention when she was talking to me that he had gotten aggravated at the insurance company or something for going up on their prices and he just paid his home off. He took his money out of Conoco and paid his home off.

Q.     Okay. And that would have been how long ago?

A.     Uhm I'm thinking that was somewhere in 2012.

Q.     Okay.

A.     Now, let me tell you, I don't discuss with him with my kids because I don't want my kids to be drug into any kind of stuff like that.

Q.     Okay. But she just happened to mention that?

A.     Yeah.

Q.     And then at that point in time you started – what did you try to do then.

A.     I started contacting different, uhm, attorneys. I thought at the time that he was living in New Mexico, and so I contacted an attorney in New Mexico and spoke with him. But he wasn't living in New Mexico, he had – he was then living –

Q.     Here?

A.     – here. So then I contacted you.

Q.     And did he ever tell you that he had cashed in his retirement with them?

A.     Absolutely not.

Q.     Did you know about the bankruptcy we just found out about?

A.     I may have heard about it since then, uhm., from one of the kids. I did not get any notice of any bankruptcy, no.

Q.     Okay. And are you asking the Court to award you the money that he would owe you for your share of his retirement?

11

A.    Yes, and attorney's fees and costs.

(RR 2: p. 21, l. 2 to p. 22, l. 9).

Q.    And you feel that you're entitled to a portion of his retirement?

A.    I absolutely do.

Q.    And you didn't know that he was getting a retirement benefit until your daughter told you?

A.    That's correct. I – I have seen him to talk to him one time since we were divorced. I think, and that was a few years before he retired when the kids were both in town. Jesse was in town and the kids wanted us to meet for dinner, the four of us, and I finally agreed to it.

Q.    Well, according to Page 4 of your decree, which was back in 1987, you knew that a retirement was accruing at the time according to your own decree, --

A.    Yeah.

Q.    – did you not?

A.    Yes, I did.

Q.    Well, then why did you wait another 25 years or so to make a claim?

A.    Because, uhm, the divorce decree ordered that when he retired I would receive that percentage. When we met for dinner that time in Oklahoma City, I mentioned something to him actually that very evening. He handed me a Conoco knife and he said "Here, you've – you've – you've earned part of this." And I said. "Don't forget about that percentage of your retirement." He said, "I know, I know, I know. I won't forget." And agreed that he owed it to me. So I – what would you have me do?

(RR 2: p. 24, l. 20 to p. 25, l. 16).

The evidence from Teresa Simmons was that she discovered Paul had not paid her the retirement when she was put on notice by her daughter in 2012. Teresa filed a petition to enforce the divorce decree on April 3, 2014. (CR 2:52)(FF #10).

Teresa also testified that she had asked Paul to not forget about the retirement awarded to her, and he stated "I won't forget." Importantly, the record in this case reflects that Paul never testified that Teresa's account of the conversation between Teresa and Paul never occurred, nor did Paul offer any evidence that her recounting of the exchange was inaccurate. It is therefore uncontroverted that Teresa inquired of Paul about the retirement award and that Paul agreed to be responsible for it.

A finder of fact cannot "ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *City of Keller v. Wilson*, 168 S.W.3d 802, 811(Tex. 2005).

Under the facts of this case, when Paul received the retirement funds due Teresa, he owed her a fiduciary responsibility to safekeep the funds and pay her what was owed. The undisputed testimony is that Teresa asked of Paul, and Paul agreed, to be responsible for the retirement due Teresa under the divorce decree. Paul had sole control over the decision to withdraw funds from his Conoco account, and he agreed with Teresa's request to be responsible for the payment when he made the decision. Nothing in the record would make the request by Teresa or the acceptance of the

13

responsibility by Paul unreasonable. Likewise, nothing in the record would make Teresa's reliance on Paul to deliver the payment unreasonable, especially considering Paul undisputed acceptance of that responsibility. More importantly, it is arguable that Teresa was not required to ask of Paul about the retirement because he held her funds in a constructive trust, and he owed a fiduciary responsibility to Teresa to pay her.

It is Teresa's contention that Paul violated his fiduciary responsibility to Teresa when he received the retirement funds and did not pay her. It is Teresa's further contention that her request to Paul honestly made and undisputedly accepted by Paul to make the retirement payment satisfies any requirement of reasonable diligence for application of the discovery rule in this case. There was no evidence in the record to put Teresa on notice that she should not rely on Paul's acceptance of her request to be responsible for the transfer until Teresa heard from her daughter regarding Paul's possible use of retirement funds, and Teresa filed suit within two years of that notice.

Based on the undisputed, clear, positive and direct testimony of Teresa, which could have been readily controverted by Paul, Teresa exercised reasonable diligence by reasonably relying on Paul to transfer the funds, a responsibility requested of him and accepted by him without reservation. Under the facts of this case, the trial court did not abuse its discretion by finding that the claim by Teresa for the retirement funds did not accrue until she was given notice by her daughter that Paul was not going to

14

fulfill his agreed-upon responsibility to transfer the retirement funds to Teresa when he received them.

Paul's argument to this Court is that Teresa could have had a QDRO signed, or she could have contacted Conoco, or she could have called Paul again and again on some undetermined regular basis to determine his retirement status, whether he had requested a retirement amount in some form from Conoco, and whether he had actually received funds from Conoco. It is Teresa's position that while any one of a number of possibilities exist to exercise diligence, the fiduciary duty owed to Teresa by Paul, coupled with Teresa's request of Paul to take responsibility for the retirement transfer, and Paul's unhindered and voluntary acceptance of that request to, supports Teresa's position that is was Paul's duty to disclose the injury. Further, her reliance on Paul to make the retirement payment was reasonable. As such, to the extent required by any measure, Teresa exercised the "reasonable diligence" required of her towards discovery of an "inherently undiscoverable" injury sufficient to allow application of the discovery rule to delay imposition of the statute of limitations in this case.

## CONCLUSION AND PRAYER

The trial court properly found that Teresa filed her claim against Paul within two years of the date she knew or should have known of her injury. The trial court property refused to bar Teresa's claim against Paul for retirement funds he failed to deliver to her. Teresa prays that this Court deny Paul's requested relief.

15

WHEREFORE, PREMISES CONSIDERED, Appellee Teresa A. Simmons

that this Court affirm the trial court's judgment, and deny all relief requested by

Appellant.

Respectfully submitted,

Garrett Clarkson Higley
SBN 24046074
Law Office of Garrett C. Higley, PLLC
508 W. 12th Street
Austin, Texas 78701
(512) 514-1940
Fax No. (512) 391-0028
Garrett@higleyfamilylaw.com

And

LAW OFFICES OF
ROBERT B. LUTHER, P.C.
1800 Rio Grande Street
Austin, Texas 78701
(512) 477-2323
Fax (512) 478-1824

By:      /S/ Robert B. Luther
         Robert B. Luther
         SBN 12704000
         Rbluther@luthlaw.com

Attorneys for Appellee,
Teresa A. Simmons

16

## CERTIFICATE OF COMPLIANCE

In accordance with Rules 9.4(e) and (I) of the TEXAS RULES OF APPELLATE PROCEDURE, the undersigned attorney of record certifies that the Brief of Appellee contains 14-point typeface for the body of the brief, 12-point typeface for footnotes in the brief and contains 3873 words, excluding those words identified as not being counted in Rule 9.4(i)(1) and was prepared on WordPerfect version X6.

/S/ Robert B. Luther
Robert B. Luther

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on Apellant, by and through his attorneys of record, Melvin Gray and Fred Brigman via eservice at sgreen@grayandbrigman.com, in accordance with the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure on October 21, 2015.

/S/ Robert B. Luther
Robert B. Luther